**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2764
_____

CURTIS HYRAM PASCHAL,

Appellant

v.

BILLY BERU, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-01144)
District Judge:  Honorable Nora Barry Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2010

Before: BARRY, AMBRO and ROTH, Circuit Judges

(Opinion filed: April 8, 2010)
_____

OPINION
_____

PER CURIAM

Pro se appellant Curtis Hyram Paschal appeals from the order of the United States

District Court for the Western District of Pennsylvania granting the defendant's motion to

dismiss his complaint.  We will affirm.

Because the parties are familiar with the history and facts of the case, and because

the District Court's memorandum order and memorandum opinion set forth the allegations of the complaint and the relevant details of the litigation, we will not provide a detailed account. In August 2008, Paschal initiated his lawsuit against Billy Beru, Inc. Paschal alleged discriminatory treatment based on his race while patronizing one of the defendant's eating establishments and sought redress under 42 U.S.C. § 2000a. The District Court several times allowed Paschal to file amended complaints, in light of his pro se status. In summary, Paschal, an African-American, contended (1) he was harassed by a white patron while he ate at the restaurant, and the bartender ignored his complaint; (2) he was rushed while eating and was the only customer to be given a check by the bartender before he ate; and (3) an employee of the restaurant refused to provide information about lodging a discrimination complaint. Paschal sought assorted relief including damages. The District Court denied the defendant's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint, but noted that only injunctive relief was available to Paschal for his section 2000a claims.

Paschal then filed his third amended complaint under 42 U.S.C. § 1981. The defendant filed another Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. The District Court held a hearing on the motion on March 17, 2009, during which Paschal testified under oath to clarify the factual allegations in his complaint. The District Court allowed argument and supplemental briefing. On April 23, 2009, the District Court granted the defendant's motion to dismiss, finding that Paschal had not

pleaded any facts regarding the three incidents described in the complaint that would indicate that he was deprived, on account of race discrimination, of any benefits, privileges, terms, and conditions of his contractual relationship with the restaurant in violation of section 1981. For instance, the District Court found that Paschal was not denied service and was not required to pay for his meal before he completed it and was thus permitted to carry out his contract with the restaurant on the same terms as white customers.[1] Also, the District Court found no allegations regarding the nature of the harassment by the white customer, that the restaurant or employees had any role in the harassment in the context of a contractual relationship, or that the refusal to provide information about lodging a discrimination complaint deprived Paschal of a contractual right. The District Court again allowed Paschal to amend his complaint, noting that the third amended complaint asserted a section 1981 claim for the first time and that Paschal thus had no prior opportunity to amend his section 1981 claim.

Paschal filed a fourth amended complaint, and the defendant filed another motion to dismiss. On June 8, 2009, the District Court concluded that the factual allegations were substantially the same as those contained in the third amended complaint and dismissed the complaint for the reasons stated in its April 23, 2009 memorandum opinion.

---

[1] The District Court noted that Paschal clarified his allegations in his testimony at the hearing, stating that he complained about having the check presented to him before he ate, the bartender took the check back, and he then ate his meal and paid after he had finished eating and drinking. (District Court April 23, 2009 Mem. Op. at 6.)

Further, the District Court noted that it appeared that Paschal intended to revive his claim under section 2000a, with allegations indicating that the restaurant may have required Paschal to prepay for his meal while a white customer was not asked to do so. However, the District Court concluded that in light of Paschal's later amendments and testimony concerning the claim, the claim of discrimination under section 2000a failed, and that amendment of the complaint would be futile.[2]

Paschal appeals. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's orders granting the defendant's motion to dismiss. McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). In determining whether the District Court properly dismissed the complaint under Rule 12(b)(6), we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted).[3]

Paschal's main argument on appeal appears to be that the District Court misapplied the liberal notice pleading standard under Rule 8(a) of the Federal Rules of Civil

---

[2] Although Pashal maintains in his brief that he was asked to pay his check before eating, he again confirms that he refused to pay before he ate his meal. See Appellant's Br. at 2.

[3] Even though this case involves a motion to dismiss under Rule 12(b)(6), we may consider Paschal's testimony at the hearing, as well as statements in his brief, to clarify the allegations in the complaint. See Maio v. Aetna Inc., 221 F.3d 472, 485 n. 12 (3d Cir. 2000).

Procedure. In support, Paschal asserts that a Rule 12(b)(6) motion must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Appellant's Br. at 4 ¶6 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). We note that in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007), the Supreme Court rejected Conley's "no set of facts" language. See Phillips, 515 F.3d at 232-33. Rule 8(a) requires not merely a short and plain statement; rather, the complaint must allege enough facts that suggest the required elements of the claim. Id. at 234-35. Paschal's contentions in his brief suggest that the District Court's decision was based on technical pleading requirements and on the level of factual detail, but the record reflects that the District Court did not dismiss the action on those grounds. Indeed, the District Court allowed Paschal to amend his complaint several times and also held a hearing for Paschal to clarify the factual allegations in his complaint.

We note that Paschal does not directly challenge any of the District Court's legal conclusions regarding the failure to state claims of discrimination under sections 1981 and 2000a. Upon review of the record, we agree with the District Court's disposition of the claims, for substantially the same reasons given in the District Court's April 23, 2009 memorandum opinion and June 8, 2009 memorandum order. The facts alleged in Paschal's later amended complaints and clarified in his sworn testimony do not support a claim of discrimination by the defendant in the making and enforcing of a contract or in a

5

place of public accommodation.

We will affirm the District Court's judgment.